CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
Rule
OCT 11 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID WAYNE PRUITT, #343943,<br>    Plaintiff, | Civil Action No. 7:05cv00560 |
| v. | **MEMORANDUM OPINION AND ORDER** |
| ROCKINGHAM HARRISONBURG<br>    REGIONAL JAIL, et al.,<br>    Defendants. | By: Jackson L. Kiser<br>Senior U.S. District Judge |

This matter is before the court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Defendants have not submitted a brief or memorandum in support of their motion.

In deciding a motion to dismiss the court must construe all facts in the light most favorable to the plaintiff and must assume all facts alleged in the complaint to be true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Then, the motion to dismiss should be granted only if it is clear that as a matter of law no relief could be granted under any set of facts. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978). As noted above, defendants have not made any argument to support their assertion that plaintiff has failed to state a claim.

Plaintiff asserts that defendants are denying him access to religious books and materials in violation of the First Amendment. Specifically, plaintiff asserts that he is pursuing a religious fellowship degree through the Global University of the Assemblies of God-Berean School of the Bible ("Global University") and has already completed at least three of the required courses

---

[1] On September 6, 2005, the above captioned matter was removed to this court from the Circuit Court for Rockingham County, Virginia by the defendants. By order entered September 13, 2005, this court requested all state court records pertaining to the state case be forwarded to this court for docketing in the above captioned matter. Those records have now been received and docketed.

while incarcerated. Plaintiff contends that in order to continue his religious and educational studies he must continue to take the prescribed courses through the Global University and accordingly, needs the required written course materials.

Plaintiff alleges that he has submitted to the appropriate prison official requests for authorization and payment for those written materials. He further alleges that those requests have been granted, but that once the materials have been delivered to the prison, he has only been allowed to have a portion of the materials. Plaintiff contends that when the first order was only partially delivered, he was informed that the outstanding materials were being held by prison personnel under the "Publisher Rule." Plaintiff avers that he then complained to correctional officers and the remainder of the materials were delivered. However, when his second order was received at the prison, again it was only partially delivered and again he was informed that because the materials did not come from a "publisher" he was not allowed to have them. Plaintiff has yet to receive those materials.

Generally, a prison may place restrictions on inmates' receipt of written materials when those restrictions are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). Accordingly, in light of evidence that hardcover books can be used to smuggle contraband into prison, a policy which permits inmates to only receive hardcover books shipped directly from a publisher, book club, or book store would not violate an inmate's First Amendment rights. Bell v. Wolfish, 441 U.S. 520, 550-551 (1979). However, a blanket exclusion of all written materials which were not sent from a publisher may violate those rights. See id.

Here, it is unclear why plaintiff was at times granted full access to all materials submitted from the Global University and at other times those materials were deemed contraband. Plaintiff

-2-

Case 7:05-cv-00560-JLK-mfu   Document 9   Filed 10/11/05   Page 2 of 3   Pageid#: 80

has submitted evidence documenting that correctional officers informed him that he could have materials related to his course work sent to the prison, that they have inconsistently applied the "Publisher Rule" specifically as to books and written material forwarded to plaintiff from the Global University, and that checks made payable to the Global University were authorized by prison officials. Accordingly, I find that if true, plaintiff has alleged sufficient fact to state a constitutional claim under 42 U.S.C. § 1983.

Based on the foregoing, I will deny defendants' Motion to Dismiss. Defendants are directed to submit any additional dispositive motions within thirty (30) days of the entry of this order.

The Clerk of the Court is directed to send a certified copy of this Opinion and accompanying Order to plaintiff and to counsel of record for the defendants.

**ENTER**: This 11th day of October, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge

-3-

Case 7:05-cv-00560-JLK-mfu   Document 9   Filed 10/11/05   Page 3 of 3   Pageid#: 81