CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN - 3 2006
JOHN F. CORCORAN, CLERK
BY: /s/ Sam _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID WAYNE PRUITT, #343943, ) <br> Plaintiff, ) | Civil Action No. 7:05cv00560 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ROCKINGHAM HARRISONBURG ) <br> REGIONAL JAIL, et al., ) <br> Defendants. ) | By: Jackson L. Kiser <br> Senior U.S. District Judge |

The plaintiff, David Wayne Pruitt, a Virginia inmate proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] In his complaint, plaintiff alleges defendants violated his First, Eighth, and Fourteenth Amendment rights by refusing to allow him access to religious books and materials necessary for him to complete his educational studies. Plaintiff further alleges various state law claims. Plaintiff seeks injunctive relief and monetary damages.

Defendants filed a motion for summary judgment. The court notified plaintiff of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to the defendants' motion may result in summary judgment being granted for the defendants. Plaintiff filed a response to the defendants' motion, thus, the matter is ripe for disposition.

After a thorough review of the record, I find that there exists no issue of material fact regarding plaintiff's claim under the First Amendment and that the defendants are entitled to judgment as a matter of law on that claim. Furthermore, I find that defendant has failed to state a

---

[1] On September 6, 2005, the above captioned matter was removed to this court from the Circuit Court for Rockingham County, Virginia by the defendants.

claim of constitutional magnitude under the Eighth or Fourteenth Amendment, and will dismiss those claims pursuant to 28 U.S.C. §1915A(b)(1). Finally, I decline to exercise supplemental jurisdiction over Pruitt's state law claims and dismiss them without prejudice.

## I.

Pruitt asserts that while incarcerated at the Rockingham County Jail he was pursuing a religious fellowship degree through the Global University of the Assemblies of God-Berean School of the Bible ("Global University") and had already completed at least three of the required courses.[2] Plaintiff contends that in order to continue his religious and educational studies he needed to continue to take the prescribed courses through the Global University and accordingly, needed the required written course materials which included loose papers, pamphlets, and bound course materials.

Pruitt alleges that on April 24, 2004, he sent a request form for a check or money order to pay for his first shipment of books from Global University. Pruitt admits that his request was processed and a check was cut and forwarded to Global University to pay for that shipment. However, on May 10, 2005, Pruitt's was informed that portions of his purchased materials failed to comply with the prison's "publisher only" rule and were therefore deemed unauthorized correspondence.[3] Pruitt contested this decision; and, the materials were reexamined, approved,

---

[2]Plaintiff has since been transferred to the Mecklenburg Correctional Center.

[3]The Rockingham County Jail's policy regarding the delivery of magazines, books, and newspapers to inmates states:

> Section 8-Mail
> C. Inmate may subscribe to and receive through the mail the following:
>     1. Magazines - **direct from the publisher only (No pornographic Material)**
>     2. Newspapers - **direct from the publisher only**
>     3. Books - **direct from the publisher only, (Books cannot be larger than 8"by 11")**

-2-

and later delivered to him.

Next, Pruitt alleges that on May 30, 2005, he made a second request to prison officials to have a check or money order cut to pay for a second shipment of books from Global University. Again, prison officials processed his request and a check was forwarded to Global University. But again, once the shipment arrived at the institution, Pruitt was informed that a portion of the shipped materials failed to comply with the "publishers only" rule and thus, were disallowed. Although Pruitt contested this decision, the decision was upheld and those materials were stored according to prison policy.

Pruitt also alleges that sometime in June 2005, he made a third request for religious course work, purchased through Global University. Although unclear, Pruitt seems to indicate that again he received only a portion of the ordered materials.

Pruitt admits that prior to placing any orders with the Global University, he was advised of the prison's publishers only" rule which permits inmates to receive through the mail only those books which have been shipped directly from the publisher. Pruitt does not contest the defendants' assertion that he has been given all materials which were actually published by Global University. Rather, he complains that prison officials approved his request for a check to pay for his orders at Global University, but then denied a portion of those orders. He further complains that prison officials used the "publisher only" rule in a discriminatory manner and to specifically limit his access to continuing education materials.

## II.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v.

Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

Pruitt alleges that the defendants' wrongfully and arbitrarily applied the "publisher only" rule in denying him full access to all the educational and religious materials he ordered from the Global University in violation of his First Amendment rights. However, defendants assert that "publisher only" rule as applied in this, and all other instances, is rationally related to both security and administrative concerns.

Although a prisoner retains certain First Amendment rights, including the right to receive publications while incarcerated, the prison may place restrictions on inmates' receipt of written materials. Turner v. Safley, 482 U.S. 78, 89 (1987). And, to the extent those regulations infringe on an inmate's constitutional rights, so long as they are "reasonably related to a legitimate penological interest" those restrictions are valid. Id. In order to determine if the regulation relied

Case 7:05-cv-00560-JLK-mfu Document 16 Filed 01/03/06 Page 4 of 8 Pageid#: 157

upon is constitutionally permissible, the court must consider the following factors: 1) whether there is a logical connection between the regulation and a legitimate governmental interest; 2) if the inmate has an alternate means of exercising the right in question; and 3) if accommodating the inmate's right would severely impact other inmates, prison officials, and allocation of prison resources. Id. at 89-90. However, the court must give prison officials considerable deference in determining what regulations are reasonably necessary to maintain order and safety within the institution. See Thornburgh v. Abbott, 490 U.S. 401, 404-07 (1989).

Although Pruitt contends that the "publisher only" rule has been applied arbitrary as a means to prevent him from receiving educational and/or religious publications, he does not contest the defendants' assertion that the only written materials which were withheld, were those forwarded to him by Global University, but published by another company. Accordingly, the court need only consider if the "publisher only" rule is reasonably related to a "legitimate peneological interest." Turner, 482 U.S. at 87. It is clear that prison administrators have a legitimate interest in maintaining safety and order within the institution. See Hodges v. Virginia, 871 F.Supp. 873, 876 (W.D.Va. 1994), rev'd on other grounds, Montcalm Publ. Corp. v. Beck, 80 F.3d 105 (4 th Cir. 1996)(finding that security, discipline, order, public safety, and rehabilitation interests need no defense). Furthermore, in light of evidence that books and magazines can be used to smuggle contraband into prison and a significant amount of time would be devoted to inspecting the potentially voluminous numbers of books and magazines forwarded to the prison, a policy which permits inmates to only receive written materials shipped directly from a publisher does not violate an inmate's First Amendment rights. See Bell v. Wolfish,441 U.S. 520, 550-551 (1979), Zacek v. Hutto; 642 F.2d 74, 75 (4 th Cir. 1981).

Therefore, I find that defendants are entitled to judgement as a matter of law and hereby grant their motion for summary judgment on this issue.

### III.

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1).

### A.

To the extent Pruitt claims that defendants have denied him the ability to further his education by refusing to allow him to continue to take courses and receive written course materials through and from Global University, it fails. The Eighth Amendment does not guarantee an inmate the right to educational opportunities. See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981) ("[L]imited work hours and delay before receiving education do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution."); Gholson v. Murry, 953 F.Supp. 709, 719 (E.D. Va. 1997) ("[I]t is unlikely that contemporary society would find the deprivation to segregation inmates of work opportunities and certain types of education to be cruel and unusual punishment."). Accordingly, I find that Pruitt has failed to allege a claim of constitutional magnitude regarding defendants' refusal to allow him to pursue his "education" through a correspondence course or receive like educational materials.

### B.

Pruitt further alleges that defendants have violated his rights under the Due Process

Clause of the Fourteenth Amendment. Although unclear, Pruitt seems to argue that because he had already paid for the entire shipment of written materials purchased from the Global University, he had a property interest in those materials which confiscated by prison officials. However, when prison officials refuse an inmate permission to receive certain written materials, they need only provide the inmate with notice, an opportunity to appeal that decision, and ensure that the ultimate decision regarding the material is made by a disinterested party. Hopkins v. Collins, 548 F.2d 503 (4th Cir. 1977). Here, Pruitt admits that he had notice of the prison's "publisher only" rule at the time he made his purchase orders to Global University and admits that upon delivery of those materials, he was immediately notified that certain publications within those orders failed to comply with this rule. Further, Pruitt admits he was given an opportunity to appeal these decisions, that the materials were reviewed again for compliance, and that he later received some of the publications initially withheld. Accordingly, it is apparent that Pruitt has been afforded sufficient procedural protections. Therefore, I find this claim must also be dismissed.

Furthermore, although Pruitt contends that defendants should not have approved his order from Global University if the written materials failed to comply with the "publisher rule," there is nothing in the record which suggests defendants in fact approved his orders. Rather, Pruitt admits he merely submitted a request for a check to be drawn from his inmate account to cover the cost of the purchase and that defendants, in fact, cut such a check. Accordingly, it is clear that defendants were not responsible for individually investigating each item on Pruitt's purchase order and determining if that item complied with institutional policies. Therefore, I find this argument lacks merit.

## III.

Because I find that Pruitt cannot go forward on any of his federal claims, I will decline to exercise supplemental jurisdiction over the state law claims raised in his original and amended complaints. See 28 U.S.C. 1367(c). Accordingly, I will dismiss all such claims without prejudice.

## IV.

Based on the foregoing, I find that Pruit has failed to present any issues of material fact as to his claims under the First Amendment and that defendants are entitled to judgment as a matter of law as to those claims. Therefore, I will hereby grant their motion for summary judgment as to that issue. Furthermore, I find that plaintiff has failed to state any claim of constitutional magnitude under the Eighth or Fourteenth Amendments and therefore dismiss those claims pursuant to §1915A(b)(1). Finally, I decline to exercise supplemental jurisdiction over Pruitt's state law claims and hereby dismiss all such claims without prejudice.

The Clerk of the Court is directed to send a certified copy of this Opinion and accompanying Order to plaintiff and to counsel of record for the defendants.

ENTER: This 3rd day of January, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge